IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
BRADLEY SHUCK and GREGORY SHUCK,   )
                                   )
              Plaintiffs,          )      4:05 CV 3277
                                   )
     v.                            )
                                   )
                                   )
CNH AMERICAL, LLC. a Delaware      )      MEMORANDUM AND ORDER
Corporation,                       )
                                   )
              Defendant.           )
```

Defendant has filed a motion to strike the plaintiff's jury demand.  I shall deny the motion.

This case was originally filed in state court and was removed to this court by the defendant on October 31, 2005.  The Notice of Removal, filing 1, includes a request for trial in Lincoln, Nebraska, but does not demand a jury trial.  In response to the Notice of Removal, plaintiff did not file a demand for a jury trial as required by this court's local rules.  NECivR 81.1[1]

The parties' Planning Report was filed in this court on November 23, 2005.  The report includes the following at Paragraph VIII(C.):  "Plaintiffs do not waive their right to a jury trial." Filing 8.

Counsel had a planning conference with the court on March 7, 2006, at which the matter of a jury trial was discussed.  I informed the attorneys that the case was scheduled as a nonjury case, as

---

[1] "If applicable state law does not require the parties to make express demands in order to claim trial by jury, a party desiring trial by jury in a removed action shall make a demand therefor in this court within the time prescribed by Federal Rule of Civil Procedure 81(c).  The failure of a party to make a demand as directed by this rule constitutes a waiver by that party of trial by jury."

neither party had demanded a jury trial.  Plaintiffs' counsel indicated that plaintiffs were not waiving their right to a jury trial, but I advised him that such a waiver had already occurred, so his remedy was to file a motion requesting a jury trial in accordance with the federal rules.  The progression order entered after that conference also reflected that the case was set for a nonjury trial.  Filing 20.  Plaintiffs' demand for jury trial was filed on May 30, 2006.

   Defendant opposes the motion on the basis that there is no explanation for the plaintiffs' delay in seeking a jury trial, and that it would be prejudiced from the granting of a jury trial, in that its discovery has been completed on the assumption the trial would be to the court.  Plaintiffs respond that the demand was filed only six days after the parties unsuccessfully mediated the case, when it became apparent that a trial would be necessary.

   Since the law in Nebraska does not require a party to formally demand a jury trial, that is, a jury trial is automatically granted in civil cases pursuant to Neb. Rev. Stat. §25-1104, it was necessary for the parties to file their demands for jury trial as required by Fed. R. Civ. P. 81(c), that is, within ten days of the filing of the petition for removal (defendant) or within ten days following service of the notice of removal (plaintiff).  Id.  The local rule is clear that a demand for jury trial must be filed in order to preserve the right in this court.  See, Bruns v. Amana, 131 F.3d 761, 762 (8th Cir. 1997) (District of Nebraska's local rule is a "directive" within the meaning of Fed. R. Civ. P. 81(c), triggering the requirement to file a demand for jury trial).  It is clear that by failing to file a demand for jury trial as required by NECivR 81.1, plaintiffs have waived their right to such a trial.

   Plaintiffs argue, however, that their "demand" should be construed as a "motion" for jury trial pursuant to Fed. R. Civ. R. 39(b).  In deciding such a motion Magistrate Judge Gossett has identified the factors to be considered:

> (1) Whether the case involves issues which are best tried to a jury;
>
> (2) Whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3) The degree of prejudice to the adverse party;
>
> (4) The length of the delay in having requested a jury trial; and
>
> (5) The reason for the movant's tardiness in requesting a jury trial.

Garza v. Roger Henson Trucking, L.L.C., 2005 WL 1331162 (Case Number 7:05CV5001, D. Neb. 6/3/2005).

In considering these factors, it is clear that they type of issue involved in this case, notwithstanding the defendant's arguments to the contrary, are regularly tried to juries.  Second, the court's calendar (and presumably, defendant's) would not be disrupted by granting a jury trial, as trial has been scheduled and will take place as scheduled, jury or none; requiring the plaintiffs to dismiss and refile, however, would seriously impact all calendars.  Third, regarding defendant's protests that it would suffer prejudice because it conducted its discovery on the basis that the trial would be to the court, it is conceivable that defendant would have to revisit some of its discovery in order to have testimony comprehensible to lay people, although none has been specifically identified.  Fourth and fifth, plaintiffs were clearly less than diligent in seeking a jury trial, as their demand was due back in November, 2005, and no reason has been given for the delay.[2]

---

[2] This court has typically not delayed procedural requirements during ongoing settlement efforts, unless the parties request it.  Here there was no request to stay the case and its deadlines pending the outcome of the parties' mediation efforts.  Therefore, I do not accept the plaintiffs' argument to the effect that the delay was

Weighing all of these factors to the extent I am able to do so on the record before me, I conclude that balance tips barely in plaintiffs' favor. However, I shall provide for any extra expense caused by this ruling, by allowing defendant to request reimbursement from plaintiffs for duplicative discovery.

     IT THEREFORE HEREBY IS ORDERED:

     1.  Defendant's motion to strike jury demand, filing 38, is denied.

     2.  Plaintiffs' demand for jury trial, filing 34, is construed as a motion for jury trial pursuant to Fed. R. Civ. P. 39(b), and as so construed is granted.  This case will be tried before a jury, and the progression order is amended accordingly.

     3.  In the event defendant is caused by this order to necessarily incur additional expenses in the form of discovery costs for matters that must now be undertaken or repeated, defendant may, on or before the date of the final pretrial conference, file an application for reimbursement of such costs from plaintiffs.  Such application shall be detailed and shall be supported with specific facts justifying the request for reimbursement.  Defendant is reminded that only reasonable costs will be considered, and it has a duty to mitigate.

     DATED June 22, 2006

                             BY THE COURT:

                             s/ *David L. Piester*
                             United States Magistrate Judge

---

justified by the mediation.